IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KELLY FOUNDATION, INC.,
an Arkansas corporation                                                                               PLAINTIFF

V.                                  CASE NO. 4:08-CV-4141 (JMM)

QUAPAW HOUSE, INC.,
an Arkansas corporation                                                                               DEFENDANT

## CONFIDENTIALITY AGREEMENT

## AND STIPULATED PROTECTIVE ORDER

The parties to this action, as evidenced by the signatures of their attorneys below, hereby stipulate to the following Confidentiality Agreement and Stipulated Protective Order regarding the production and use of documents containing confidential or competitively sensitive information:

1.      Any party to this action may designate a document or series of documents produced during the course of discovery as CONFIDENTIAL. Any copies of documents so designated are to be stamped "CONFIDENTIAL".

2.      The parties agree that confidential documents shall not be disclosed, directly or indirectly, to anyone other than the parties, attorneys for the parties, witnesses, consultants, expert witnesses specially retained or specially employed for purposes of this action. To the extent any confidential document is provided to any party's witnesses or expert witnesses, each witness or expert witness shall be provided with a copy of this Confidentiality Agreement and Stipulated Protective Order and shall sign it on its first page, designating that person's acknowledgment of the terms of this Confidentiality Agreement and Stipulated Protective Order and his or her understanding of the obligations imposed herein. Nothing in this Confidentiality Agreement and

Stipulated Protective Order prevents any party from disclosing confidential documents to the court or jury impaneled at the trial of this case, subject to such protections as the court may order with respect to the treatment of confidential documents at trial.

3. The parties and all persons subject to the provisions of this Confidentiality Agreement and Stipulated Protective Order agree to use confidential documents solely and exclusively for purposes of preparing for, conducting, and participating in this action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever.

4. The parties' agreement to produce confidential documents pursuant to this Confidentiality Agreement and Stipulated Protective Order shall not be deemed an agreement that such documents (1) constitute or contain confidential information or trade secrets or other confidential research, development, financial, commercial, or personal information, or (2) are relevant to any matter at issue in this action. Each party reserves the right to object to or to seek an appropriate order limiting any use which any other party may seek to make of such confidential documents either in discovery or at the trial of this action.

5. The parties agree that no copies of confidential documents produced by any party will be made except as necessary for the purposes of this action. If it becomes necessary to include information obtained from confidential documents or to use such confidential documents in any court filing, then any such filing should be made under seal, if not prohibited by law.

6. Upon the conclusion of this action, all confidential documents, and all copies, extracts, summaries, and facsimiles thereof shall be returned to counsel for the receiving party, who shall then contact counsel for the producing party and request instructions regarding the disposition of the confidential documents. Further upon the conclusion of this action, all electronically, optically, magnetically stored information of any kind including, without limitation, diskettes, compact disks, computer files, and similar storage media containing confidential

documents shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media by counsel for the receiving party.

      IT IS SO ORDERED this 10th day of March, 2009.

      THE HONORABLE JAMES M. MOODY

STIPULATED:

By:   /s/ J. Cotten Cunningham
J. Cotten Cunningham, Ark. Bar No. 97238
Attorney for Quapaw House, Inc.
LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201
501/376-2981; Facsimile: 501/376-2417
*ccunningham@laserlaw.com*

By:   /s/ Joseph Davidson Calhoun, III
Joseph Davidson Calhoun, III, Ark. Bar No. 85021
Attorney for Kelly Foundation, Inc.
CALHOUN LAW FIRM
Post Office Box 251504
Little Rock, Arkansas 72225
501/374-1700; Facsimile: 501/374-2262
*joecalhoun@aristotle.net*